## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 1:24-CR-00317** |
| **v.** | |
| **ROMEO RAMOS CRUZ,** | **FILED UNDER SEAL** |
| **Defendant.** | |

## GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION

The United States respectfully moves to detain the Defendant, Romeo Ramos Cruz, pending trial, pursuant to 18 U.S.C. § 3142(e)(1). The Defendant is a high-level member of a Guatemala-based drug trafficking organization (the "Guatemalan DTO") that transports cocaine for sale and distribution in the United States. The Defendant is charged with a drug trafficking offense that carries a presumption that no condition or combination of conditions will sufficiently guarantee the Defendant's presence in court and protect the safety of the community. Further, the Defendant faces significant jail time for his serious offenses, including a mandatory minimum sentence; may have access to large amounts of untraceable drug proceeds; and has no immigration status in the United States and is subject to an immigration detainer. Accordingly, the Defendant presents a serious risk of flight and danger to the community that cannot be mitigated by any condition or combination of conditions and should be detained pending trial.

## BACKGROUND

On July 3, 2024, a grand jury sitting in the District of Columbia returned an Indictment against the Defendant, charging him with conspiring to distribute five or more kilograms of cocaine, intending, knowing, and having reasonable cause to believe that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960, and 963. That

same day, the United States District Court for the District of Columbia issued an arrest warrant for the Defendant based on the Indictment.

The Indictment is the product of an extensive investigation conducted by the Federal Burau of Investigation into a narcotrafficking group operating in Guatemala and working to import cocaine and heroin from Guatemala, through Mexico, and into the United States for distribution. The Government anticipates that the evidence at trial will show that from in or around January 2022 through May 2023, the Defendant conspired with others to distribute cocaine, knowing it would be imported into the United States, for his own profit.

If this case proceeds to trial, the Government expects its evidence to include recorded telephonic, in-person, and video calls involving the Defendant, testimony from a cooperating witness who had direct dealings with the Defendant regarding drug trafficking, and evidence related to a cocaine seizure by law enforcement authorities.  This evidence will show that, during the relevant time period, the Defendant, the then-mayor of Santa Lucia municipality in Guatemala's Escuintla Department, was a high-level member of the Guatemala DTO who betrayed his position of public trust to facilitate the drug trafficking activities of the Guatemalan DTO.

During the charged conspiracy, the Defendant used his official position to coordinate logistics for and facilitate the transportation of cocaine destined for the United States. On one occasion, he helped the Guatemalan DTO plan to receive a shipment of cocaine disguised as cement from Venezuela to Guatemala. Citing his political connections, the Defendant assured a confidential source that he could ensure the shipment of concealed cocaine would bypass screening by Guatemalan law enforcement if sent to Puerto Quetzal, Guatemala. He sent the confidential source a letter on his official government letterhead to present to Guatemalan officials, which stated, "I am writing to respectfully request your support with the donation of cement for future infrastructure projects that will help the municipality of Santa Lucia Cotzumalguapa, Escuintla,

Guatemala, and contribute to the development of our municipality. I hope to be able to count on your valuable contribution." At the bottom of the letter, the Defendant signed and attached the official seal of the municipality. The Defendant told the cooperating source not to worry about the cocaine's transportation within Guatemala once the shipment reached the port because the Defendant would send trailers to haul the cocaine. On another occasion, the Defendant helped facilitate a planned ten-kilogram purchase of cocaine in Connecticut. On November 17, 2022, the Defendant met with co-conspirators to arrange for the purchase, and then, on December 13, 2022, the Defendant's co-conspirator sold four of the kilograms to an undercover buyer in Connecticut. The Defendant received a portion of the profits from that sale for his role in facilitating the cocaine transaction.

The Defendant is a Guatemalan national with no known contacts in the United States. He was paroled into the United States to stand trial in this case and has no valid visa to remain here. An Immigration and Customs Enforcement detainer is in place if Defendant is released from the custody of the U.S. Marshal's Service.

## LEGAL STANDARDS

Under the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, courts must order a defendant's pre-trial detention upon determining that "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (f). "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' *or* a 'danger to the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019) (emphasis added); *see also* 18 U.S.C. § 3142(c)(1) ("If the judicial officer determines that the release . . . will not reasonably assure the appearance of the person as required *or* will endanger the safety of any other person or the community . . . ." (emphasis added). The Government bears the burden of establishing a defendant's danger to the

community by clear and convincing evidence, but the Government need only prove the Defendant poses a flight risk by a preponderance of the evidence. *United States v. Munchel*, 533 F. Supp. 3d 1, 8 (D.D.C. 2021) (dangerousness); *Vasquez-Benitez*, 919 F.3d at 551 (flight risk).

Moreover, when the court finds that there is probable cause to believe that a defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act or Controlled Substances Import and Expert Act, that finding triggers a rebuttable presumption that no condition or combination of conditions can reasonably assure the defendant's appearance and the safety of others. 18 U.S.C. § 3142(e)(3). In making the final determination as to whether a defendant should be detained pending trial, the court must take into account: (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

## ARGUMENT

The Defendant should be detained while awaiting trial because he poses a serious flight risk and is a danger to the community.

### I.    There Is a Rebuttable Presumption that Defendant Is Dangerous and a Flight Risk

The Court should begin its analysis with the presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance or the safety of the community. The Indictment alleges that the Defendant conspired to distribute five kilograms or more of cocaine for unlawful importation into the United States, in violation of 21 U.S.C. §§ 959(a), 960, and 963 —an offense that carries a mandatory minimum sentence of ten years' imprisonment and a maximum possible sentence of life imprisonment. This charge qualifies as a presumption offense

under 18 U.S.C. § 3142(e)(3)(a). Accordingly, there is a rebuttable presumption that the Defendant is both dangerous and a flight risk.

## II.     All Four Factors Under 18 U.S.C. § 3412(g) Weigh in Favor of Pre-Trial Detention

The Defendant cannot overcome the rebuttable presumption in favor of pretrial detention. Pursuant to 18 U.S.C. § 3412(g), the Court should consider four factors in determining if there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community. All four factors weigh heavily against the Defendant's release.

a.     <u>The Nature and Circumstances of the Offenses Charged</u>

The Defendant conspired to import cocaine into the United States, and abused his position of public trust in furtherance of that conspiracy. As a result of his conduct, he faces a significant penalty, starting with a mandatory minimum sentence of ten years' imprisonment. Based on the amount of cocaine attributable to him, he faces a base offense level under the U.S. Sentencing Guidelines of 38 and enhancements for his abuse of public trust and aggravating role. With a criminal history category of I, the Defendant could face a Sentencing Guidelines range of 360 months to life imprisonment.

The nature of the charges and the severe penalties the Defendant faces underscore both his flight risk and dangerousness. *See* 18 U.S.C. § 3142(g)(1) (court should consider whether the offense is a crime of violence or involves a controlled substance, firearm, explosive, or destructive device); *United States v. Hong Vo*, 978 F. Supp. 2d 41, 43 (D.D.C. 2013) (holding that serious nature of offenses and punishments Congress provided for those offenses gave the defendant substantial incentive to flee); *United States v. Anderson*, 384 F.Supp.2d 32, 36 (D.D.C. 2005)

(holding the gravity of the offenses and the potential prison term create a considerable incentive for the defendant to flee).[1]

    b.  <u>The Weight of the Evidence Against the Defendant</u>

The weight of the evidence against the Defendant also weighs heavily in favor of his pretrial detention. The Government's evidence includes recorded communications of the Defendant, testimony from a cooperating witness who discussed and planned drug trafficking with the Defendant, and evidence related to a cocaine seizure by U.S. law enforcement authorities. The evidence is comprehensive, varied, and substantial. This evidence not only demonstrates Defendant's dangerousness, *see United States v. Vergara*, 612 F. Supp. 2d 36, 37-38 (D.D.C. 2009), but it also shows that Defendant has considerable incentive to flee, *see United States v. Chansley*, 525 F. Supp. 3d 151, 170 (D.D.C. 2021) ("The overwhelming weight of the evidence may further prompt defendant to flee and thus weighs in favor of pre-trial detention.").

    c.  <u>The History and Characteristics of the Person</u>

The Defendant is a Guatemalan national with no known ties to the District of Columbia or the United States. He maintains strong familial and criminal connections in Guatemala and likely has significant resources at his disposal through his criminal activities, including substantial drug proceeds in the form of untraceable cash. The Defendant was brought to the United States solely

---

[1] Indeed, courts have recognized that Congress created a rebuttable presumption in favor of pretrial detention because Congress found "based on extensive testimony, that flight to avoid prosecution is particularly high among those charged with major drug offenses." *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir. 1985); *United States v. Alatishe*, 768 F.2d 364 at 370 n.14 (D.C. Cir. 1985) (rebuttable presumption for serious drug trafficking offenses included because "the extremely lucrative nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country," means that "these persons have both the resources and foreign contacts to escape to other countries with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences") (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S.Code Cong. & Admin.News 1984, p. 3203).

for the purpose of this federal prosecution, and a U.S. Immigration and Customs Enforcement detainer is in place should he be released from the custody of the U.S. Marshal's Service. Given that he has no legitimate reason to remain in the country beyond this criminal case, he presents a significant risk of flight if released.

    d.  <u>The Nature and Seriousness of the Danger to Others</u>

At trial, the Government anticipates presenting substantial evidence that the Defendant's ultimate objective was to profit from the importation of large quantities of dangerous drugs into the United States. His criminal conduct poses a clear and serious threat to the health and safety of the American public. If released, the Defendant has both the resources and the network to flee to his home country and to resume his criminal activities. Accordingly, his release would pose a significant danger to the community.

**<u>CONCLUSION</u>**

The relevant inquiry for the Court is whether there are conditions that can be placed upon the Defendant that will reasonably assure the Defendant's appearance at future court proceedings and the safety of the community. There are none. The United States respectfully requests that the Court detain the Defendant pending trial./

Respectfully submitted Tuesday, August 5, 2025.

> MARLON COBAR, Chief
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice
>
> By:    <u>*/s/ Roger Polack*</u>
>        Roger Polack
>        Kirk Handrich
>        Trial Attorneys
>        Narcotic and Dangerous Drug Section
>        Criminal Division
>        U.S. Department of Justice

145 N Street, Northeast
Washington, D.C. 20530
(202) 305-3995
Roger.Polack@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via email to counsel of record, on Tuesday, August 5, 2025.

By:    */s/ Roger Polack*
Roger Polack
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice